**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIAH LYN SPATE, <br><br> Plaintiff, <br><br> v. <br><br> HERON POINT APARTMENT, JOHN CADWALADER, <br><br> Defendants. | Case No.: 1:22-cv-00841 JLT SAB <br> ORDER DISMISSING THE ACTION FOR LACK OF JURISDICTION AND FINDING THE APPLICATION TO PROCEED IN FORMA PAUPERIS AND THE MOTION FOR TEMPORARY RESTRAINING ORDER ARE MOOT <br><br> (Docs. 1, 2, and 3) |

Ms. Spate seeks to impose liability on the defendants, to obtain a temporary restraining order (Doc. 3) and to proceed *in forma pauperis* (Doc. 2) in this action. For the reasons set forth below, the Court finds it lacks jurisdiction over the action, so it will **DISMISS** the action and find the application to proceed IFP and the motion temporary restraining order are **MOOT**.

**II.     Discussion and Analysis**

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *see also California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). Instead, the complaint

must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The only cause of action identified by the plaintiff is unlawful detainer that was motivated by fraud. (*See* Doc. 1 at 7-10.) An unlawful detainer action does not arise under federal law. *See Wells Fargo Bank v. Sherzad*, 2022 WL 913251, at *1 (E.D. Cal. Mar. 29, 2022) (a complaint for unlawful detainer "relies solely on California state law and does not state any claims under federal law"); *Fannie Mae v. Suarez*, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"). The fact that Ms. Spate alleges that the unlawful detainer action was motivated by fraud does not give rise to a federal question. Consequently, the Court lacks jurisdiction over the action and cannot consider the motion for a temporary restraining[1] order (Doc. 3) or the application to proceed in forma pauperis (Doc. 2).

### III. Conclusion and Order

Because there is no federal question appearing in the complaint, the Court cannot exercise jurisdiction. Accordingly, the Court **ORDERS**:

1. The action is **DISMISSED.**
2. The motion for a temporary restraining order (Doc. 3) is **MOOT**.
2. The application to proceed *in forma pauperis* (Docs. 2) is **MOOT.**
3. The Clerk of Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated: **July 10, 2022**   _____
UNITED STATES DISTRICT JUDGE

---

[1] The motion for the temporary restraining order fails to comply with Local Rule 231(c). In addition, in the motion Plaintiff presents insufficient factual information and no legal analysis. Ms. Spate has been notified of the requirements for a temporary restraining order by this Court in the past (*Spate v. Lake County Sheriff's Department, et al.,* Case No. 2:20-cv-02423 JAM KJN [Doc. 5]). Thus, even if the Court had jurisdiction, it could not determine the merits of the motion.